UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:13-CR-00027-9-JRG |
| | ) | |
| CORY MAUPIN | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Cory Maupin's Motion for Resentencing Pursuant to Amendments 782 and 788 of the Sentencing Guidelines [Doc. 878] and the United States' Response in Opposition [Doc. 883]. For the reasons herein, the Court will deny Mr. Maupin's motion.

### I. BACKGROUND

In 2013, the United States indicted Mr. Maupin on multiple counts under the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. [Indictment, Doc. 3]. Mr. Maupin then entered into a plea agreement with the United States under Federal Rule of Criminal Procedure 11(c)(1)(C), and he pleaded guilty to possessing equipment, chemicals, products, and materials used to manufacture methamphetamine, in violation of 21 U.S.C. § 843(a)(6), (d)(2). [Am. Plea Agreement, Doc. 616, at 1; Minute Entry, Doc. 285]. In the Rule 11(c)(1)(C) plea agreement, the parties agreed the appropriate term of imprisonment was 84 months. [Am. Plea Agreement at 4].

At sentencing, Mr. Maupin's total offense level and criminal history category were 23 and V, respectively. [PSR, Doc. 622, ¶¶ 37, 50]. His guidelines range was 84 months to 105 months. [*Id.* ¶ 84]. The Court sentenced him to 84 months' imprisonment and accepted the parties' Rule 11(c)(1)(C) plea agreement. [Hr'g Tr., Doc. 802, at 20:19–21; J., Doc. 625, at 2].

Mr. Maupin now moves the Court, through counsel, to reduce his sentence under 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10 as amended by amendments 782 and 788 to the United States Sentencing Guidelines. The United States opposes his motion. Having carefully reviewed the parties' arguments, the Court is now prepared to rule on Mr. Maupin's motion.

## II. LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal quotation omitted). Congress enacted one of those exception in § 3582(c)(2), which states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In short, a prisoner will be eligible for a reduction under § 3582(c)(2) if he satisfies two requirements.

First, the prisoner must have "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Taylor*, 815 F.3d 248, 250 (6th Cir. 2016) (quoting *id.*). For most drug offenses—including a conspiracy to distribute and possess with the intent to distribute crack cocaine—amendment 782 to the USSG has lowered the base offense level by two levels, and it is retroactively applicable. *Hughes v. United States*, 138 S. Ct. 1765, 1774 (2018); *United States v. Hall*, No. 3:10-CR-56-6, 2017 WL 1089494, at *1 (E.D. Tenn. Mar. 22, 2017); *see* USSG Suppl. App. C, Amdt. 782 (reducing "by two levels the offense levels assigned to the [drug] quantities

2

in" the drug-quantity table in USSG § 2D1.1(c)). When a defendant and the United States enter into a Rule 11(c)(1)(C) plea agreement—which allows them to agree to a term of imprisonment but requires the Court's approval, Fed. R. Crim. P. 11(c)(1)(C), (c)(3)(A)—the defendant will still be eligible for a reduction so long as his original guidelines range "was part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Hughes*, 138 S. Ct. at 1775.[1]

Second, a reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Taylor*, 815 F.3d at 250 (quoting § 3582(c)(2)). USSG § 1B1.10 contains the Sentencing Commission's policy statements. *See* USSG § 1B1.10(a)(1) (providing that a reduction "shall be consistent with this policy statement"). In determining whether a reduction is consistent with USSG § 1B1.10, the Court first calculates "by what amount" a prisoner's sentence "may be reduced." 28 U.S.C. § 994(u); *see Dillon v. United States*, 560 U.S. 817, 826–27 (2010). In doing so, the Court identifies the amended guidelines range—that is, the guidelines range that would have applied to the prisoner if amendment 782 had been in effect during sentencing—and it substitutes this guidelines range for the original guidelines range. *Dillon*, 560 U.S. at 827; USSG § 1B1.10(b)(1). A prisoner generally is not entitled to receive a reduction below the minimum of the amended guideline range. USSG § 1B1.10(b)(2)(A).

If a reduction is consistent with USSG § 1B1.10, the Court must then shift its attention to any applicable factors under 18 U.S.C. § 3553(a), as well as to public-safety factors, to determine—in its discretion—whether a reduction "is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827; *see United States v. Curry*, 606

---

[1] The United States concedes that "[t]he Court unquestionably considered the initial guidelines range when deciding whether to accept the Rule 11(c)(1)(C) agreement and to sentence defendant to 84 months' imprisonment, as negotiated by the parties." [United States' Resp. at 4].

3

F.3d 323, 330 (6th Cir. 2010) ("[T]he district court *may* reduce a previously imposed sentence if [the] statutory requirements . . . are met. Section 3582 does not create a *right* to a reduced sentence, however." (citing USSG. § 1B1.10 cmt. background)); *see also* USSG § 1B1.10 cmt. n.1(B)(i) (stating that courts "shall consider the factors set forth in 18 U.S.C. § 3553(a)"); USSG § 1B1.10 cmt. n.1(B)(ii)–(iii) (stating that courts "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and "may consider post-sentencing conduct of the defendant").

### III. ANALYSIS

The United States acknowledges that "defendant is eligible for a sentence reduction of as much as 14 months," [United States' Mot. at 4], so the Court now must determine whether the applicable factors under § 3553(a), as well as public-safety factors, weigh in favor of a sentence reduction. *Dillon*, 560 U.S. at 827; *Curry*, 606 F.3d at 330; USSG § 1B1.10 cmt. n.1(B)(i)–(iii). Although Mr. Maupin recognizes that "once the authority to revisit the sentence has been triggered, the court still needs to ensure that the new sentence is consistent with the § 3553(a) factors and the Commission's policy statements," [Def.'s Mot. at 4], he does not address any of § 3553(a)'s factors in his motion—an omission that is all but fatal to his pursuit of a sentence reduction. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (quotation omitted)); *see also* E.D. Tenn. L.R. 7.1(b) (stating that a party's legal brief "shall include the factual and legal grounds which justify the ruling sought from the Court"). The United States, on the other hand, argues that Mr. Maupin

4

is not entitled to a reduction because of his "poor conduct while incarcerated." [United States' Resp. at 4].

The Court considered § 3553(a)'s factors "in some depth at the original sentencing," *Curry*, 606 F.3d at 331; *see* [Hr'g Tr. at 13:22–25; 14:1–25; 15:1–25; 16:1–25; 17:1–25; 18:1–25; 19:1–25; 20:1–21], so it has no obligation to readdress all of those factors now, *see United States v. Jones*, 407 F. App'x 22, 25 (6th Cir. 2011) (recognizing that in *Curry* "we held that the district court did not abuse its discretion even though it had not expressly considered all of the § 3553(a) factors" because "§ 3582(c)(2) proceedings 'do not constitute a full resentencing of the defendant' and do not require the same procedural formalities as plenary sentencings" (quoting *Curry*, 606 F.3d at 330–31)). In Mr. Maupin's case, the relevant factors that the Court will address include § 3553(a)(1), (2), and (4):

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>> . . . .
>
> (4) the kinds of sentence and the sentencing range established for—
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

18 U.S.C. § 3553(a)(1)–(2), (4).

Mr. Maupin's offense was a serious one. *See United States v. Dilg*, 726 F. App'x 368, 371 (6th Cir. 2018) ("We have categorically labeled drug offenses as serious." (citing *United States v. Moss*, 217 F.3d 426, 431 (6th Cir. 2000))). At the time of Mr. Maupin's sentencing, he

5

was only twenty-five years old, yet his criminal history category was already V. Despite his extensive criminal history, he received a favorable plea agreement from the United States. *See* [Hr'g Tr. at 17:4–5 (noting that the United States "bent over backwards to be fair with [Mr. Maupin")].[2] And he received a favorable outcome at sentencing as well. The Court had the discretion to sentence him to the top end of the guidelines range, 105 months, or higher. Yet the Court accepted the parties' Rule 11(c)(1)(C) agreement and sentenced him to 84 months, at the bottom of the guidelines range. *See* [*id.* at 12:21–23 ("[A]n argument could be made that the Court ought not to accept this bottom of the guideline range sentence here[.]")]. A reduction in Mr. Maupin's sentence therefore would not reflect the seriousness of his offense, promote respect for the law, or provide just punishment for the offense. Nor would it afford adequate deterrence or protect the public from future crimes.

In addition, Mr. Maupin's conduct while in prison, as the United States argues, strongly militates against a sentence reduction. *See United States v. Allen*, 956 F.3d 355, 358 (6th Cir. 2020) ("[C]ourts may consider post-sentencing conduct in assessing the § 3553(a) factors when considering whether to adjust a previously imposed sentence." (citing *Pepper v. United States*, 562 U.S. 476, 487–93 (2011))); USSG § 1B1.10 cmt. n.1(B)(iii) (providing that courts "may consider post-sentencing conduct of the defendant"). The United States Probation Office has informed the Court that Mr. Maupin has incurred over a dozen serious disciplinary infractions during his incarceration, including possession of a dangerous weapon, on multiple occasions; possession of an unauthorized item; tattooing, on multiple occasions; destroying or disposing of an item during a search; criminal mail abuse; phone abuse; lying; being in an unauthorized area, on multiple occasions; possession of drugs or alcohol, on multiple occasions; and use of drugs

---

[2] In the plea agreement, the United States agreed to dismiss other charges against Mr. Maupin, including a conspiracy charge that would have subjected him to a twenty-year mandatory minimum term of imprisonment.

6

or alcohol. These infractions do not work in favor of Mr. Maupin's release—and, in sum, neither do § 3553(a)'s factors. Mr. Maupin is therefore not entitled to a sentence reduction.

## IV. CONCLUSION

The applicable factors under § 3553(a), as well as public-safety factors, weigh against a sentence reduction for Mr. Maupin. His Motion for Resentencing Pursuant to Amendments 782 and 788 of the Sentencing Guidelines [Doc. 878] is therefore **DENIED**. The Clerk of Court is **DIRECTED** to terminate Mr. Maupin's Motion for Status Review [Doc. 1058].

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
